UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAUS MILEY,<br><br>    Plaintiff,<br><br>v.<br><br>ASTAREAL INC.,<br><br>    Defendant. | NO. 2:16-CV-00415-JLQ<br><br>ORDER RE: MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER |

    On February 14, 2017, the parties filed a Motion for Entry of Stipulated Protective Order (ECF No. 11). The proposed protective order defines "Confidential" to include Plaintiff's medical records, Plaintiff's disciplinary records, personnel record for Plaintiff or other employees of Defendant, and proprietary information of Defendant. (ECF No. 11 at 7). The proposed order provides for the handling of "confidential" documents. *See* (ECF No. 11 at 6-14).

    It is this court's general policy not to enter "blanket" protective orders. The Ninth Circuit also generally does not approve of "blanket" protective orders. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130-31 (9th Cir. 2003) (finding it could not sustain the district court's blanket protective order because the district court did not require a specific showing as to particular documents). Fed.R.Civ.P. 26(c) provides that upon a showing of "good cause" the court may enter a protective order. "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. No documents have been provided to the court for a determination of whether good cause exists for a protective order. Such an order is not

ORDER - 1

necessary in view of the agreement of the parties as to the handling of confidential material.

**IT IS HEREBY ORDERED**:

1. The Motion for Entry of Stipulated Protective Order (ECF No. 11) is **DENIED**. The denial does not affect the validity of the parties agreement concerning the handling of documents and confidential material.

2. The parties are free to make arrangements concerning the conduct and use of discovery, and have so agreed in their proposed protective order. The denial of court participation in the agreement between the parties shall not affect the validity of the agreement. The parties have stipulated to terms and conditions to maintain the confidentiality of certain documents. Should the parties have need (despite redactions) to file any documents under seal, they may do so along with a motion to seal. The court will then determine if it is appropriate to seal the documents. The parties shall also comply with Fed.R.Civ.P. 5.2 concerning privacy protections for filings made with the court.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

Dated February 15, 2017.

                        s/ Justin L. Quackenbush
                     JUSTIN L. QUACKENBUSH
          SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2